IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Scherryl Masten,
      Plaintiff,

v.

                                    Case No.:

Aetna Life Insurance Company,
      Defendant.

## COMPLAINT
### STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b).

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e) and 29 U.S.C. §1132(f).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

### PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, Scherryl Masten, is a resident of Pinellas County, Florida  At all times relevant hereto Plaintiff, Scherryl Masten, was an "employee" of The Home Depot her "employer", as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. Defendant, Aetna Life Insurance Company, is a foreign corporation and a fiduciary with respect to such claim, and does business in the Middle District of Florida.

6. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

7. The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. At all times relevant hereto Plaintiff's employer, The Home Depot was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

9. At all times relevant hereto Defendant, Aetna Life Insurance Company is the "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

10. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the LTD PLAN and this claim relates to benefits under the foregoing plan.

12. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed.

13. Plaintiff has exhausted her administrative remedies.

## FACTS

14. Plaintiff realleges and reavers paragraphs 1 though 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. At all times material to this action there was in full force and effect an insurance plan for long-term disability benefits constituting a binding contract of insurance between the parties.

16. The purpose of the plan was to pay to Plaintiff, Scherryl Masten, a specified monthly sum in the event that she became disabled. "Disability" and "Disabled" is defined in the policy to mean:

> *"Long Term Disability Benefit Eligibility*
> *You will be considered disabled while covered under this Long Term Disability (LTD) Plan on the first day that you are disabled as a direct result of a significant change in your physical or mental conditions and you meet all of the following requirements:*
> - *You must be covered by the plan at the time you become disabled; and*
> - *You must be under the regular care of a physician; and*
> - *You must be disabled by the illness, injury, or disabling pregnancy-related condition as determined by Aetna (see Test of Disability)*
>
> *Test of Disability*
> - *You meet the test of disability on any day that if you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.*
>
> *Important Note*
> *The loss of a professional or occupational license or certification that is required by your reasonable occupation does not mean you meet the test of disability. You must meet the plan's test of disability to be considered disabled.*
>
> *Reasonable Occupation*
> *This is any gainful activity:*
> - *For which you are, or may reasonably become, fitted by education, training, or experience; and*
> - *Which results in, or can be expected to result in, and income of more than 60% of your adjusted predisability earnings.*
>
> *Adjusted Predisability Earnings*
> *Your predisability earning, plus any increase made on each January 1. The first increase will be made on the January 1, following a 12-month period of disability. On each January 1, the increase made will equal the percentage increase in the Consumer Price Index, rounded to the nearest tenth, to a maximum of 10%.*

*When Long Term Disability Benefit Eligibility Ends (in applicable part)*
*You will no longer be considered as disabled no eligible for long term monthly benefits when the first of the following occurs,*
- *The date you no longer meet the LTD test of disability, as determined by Aetna.*
- *The date you are no longer under the regular care of a physician.*
- *The date you fail to provide proof that you meet the LTD test of disability.*
- *The date an independent medical exam report or functional capacity evaluation does not, in Aetna's opinion, confirm that you are disabled."*

17. Plaintiff was an eligible plan participant of the long-term disability plan at all times material to this action

18. Plaintiff became disabled and stopped working on September 2, 2013 due to Stroke, PTSD, and Diabetes.  The Plaintiff was paid long term disability benefits from March 3, 2014 to May 21, 2015.  The claim for Long-term disability benefits was denied on December, 15, 2015.

19. During this time period, Plaintiff's disability was fully supported by her treating physicians.

20. Since September 3, 2013, the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only her occupation but any occupation.  She has not worked in any occupation for which she is or may reasonably become qualified for based on her education, training and experience.

21. By the terms of the Defendant's Policy, the Plaintiff applied for Social Security Disability benefits with an onset date of March 2014.

22. Plaintiff has entered into a Contract of Representation and has agreed to pay the undersigned an attorney's fee for representation.

## COUNT ONE

### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

23. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

24. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN since September 3, 2013 and continuing.

25. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order granting relief from Defendant for benefits due under the LTD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

## COUNT TWO

### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

27. Plaintiff is entitled to benefits under the LTD PLAN.

28. Defendant has denied that Plaintiff is entitled to benefits under the LTD PLAN from September 3, 2013 and continuing.

29. Plaintiff is entitled to clarification of his/her right to reinstatement under the LTD PLAN.

30. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring her right to benefits from September 3, 2103 and continuing under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award her attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this _20_ day of January, 2017.

Respectfully Submitted,

_____
NANCY L. CAVEY, ESQUIRE
Florida Bar No.: 300934
LAW OFFICES OF NANCY L. CAVEY
821 16th Street North
St. Petersburg, Florida 33705
(727) 894-3188 – Phone
(727) 821-2751 – Fax
cavey@tampabay.rr.com
Attorney for Plaintiff